WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Trustee under two certain agreements,

*vs.*

NYE ODORLESS INCINERATOR CORPORATION, a corporation of the State of Delaware, AUGUSTUS C. FELTON, JR., AND DERMOT SHEMWELL.

*New Castle, March 9, 1932.*

· *Robert H. Richards,* of the firm of Richards, Layton & Finger, for complainant.

*Arthur G. Logan,* of the firm of Marvel, Morford, Ward & Logan, for the defendant Dermot Shemwell.

*Ayres J. Stockly,* of the firm of Hastings, Stockly & Duffy, for defendants Nye Odorless Incinerator Corporation and Augustus C. Felton, Jr.

THE CHANCELLOR: Shemwell and Felton are the real adversary parties. In view of the agreement between them to the effect that all disbursements by Nye Odorless Incinerator Corporation on account of the stock deposited by Shemwell as collateral to the notes given by him to Felton, should be applied to principal and interest of the notes, Shemwell was not at liberty to treat the dividends of $10,-

500.00 as subject to his own absolute disposal. He was bound to apply them to the purpose to which they were dedicated by the agreement. This he did in the first instance by turning them over together with $100.00 of his own free funds to the trustee, complainant.

When a dispute was raised before the trustee by Felton concerning the right of Shemwell to have the $10,600.00 applied exclusively to the note first due and to receive the five hundred shares of stock deposited as collateral thereto, instead of to interest in arrears upon all the notes, Shemwell took the position that acceptance of his tender of payment of the $10,600.00 was refused since the condition on which he made it, viz., the delivery of one note and its collateral, was rejected. Thereupon, he undertook to recall his tender and demanded a return of the entire sum.

Was he entitled to have his demand complied with? The answer to that question depends on the source from which the money came that was the subject of the tender. Of that money, $10,500.00 constituted dividends on all the stock deposited as collateral. That is clear, for the check in that amount was a dividend check to Shemwell's order, endorsed by him and delivered to the trustee. As to that portion of the amount, it was impressed by the agreement of the parties with a trust, by the terms of which it was applicable to Felton's notes. Shemwell was not at liberty to divert it to any other purpose. Indeed the dividend should never have been payable to Shemwell in the first place, because the stock was registered in the name of Felton. Shemwell cannot be allowed to have the dividend treated as his own personal property to do with as he sees fit. It therefore should not be repaid to him. His demand for its return was properly refused.

With respect to the $100 which I may describe as Shemwell's free funds, the situation is different. The condition on which he tendered it not having been complied with, he was entitled to revoke his tender of it, and is now entitled to have it repaid to him if he desires.

How should the money be applied? The notes and stock formerly held by the trustee, I understand, have been turned over by the trustee to Felton. All that the trustee now holds is the $10,600.00 in cash. Felton, however, is a defendant before the court and can be required to comply with any proper order the court may enter touching his right to receive the money. That he is entitled to receive the dividend of $10,500.00, I have no doubt. The trustee should pay it over to him. But if that is all that he receives, he is not required to deliver any of the stock held by him as collateral, because the stipulation to which he and Shemwell were parties specifically provides that collateral accompanying any one of the notes should be surrendered only when the note and interest thereon is paid in full. The dividend of $10,500.00 falls short by $100 of covering the first maturing note and interest. If however Shemwell elects within a day to be named in the decree to be entered herein, to allow the $100 of his own funds to be paid over by the trustee, then Felton, before the trustee pays over any of the money in hand, should deliver to the trustee for Shemwell's account the note for $10,000.00 first maturing, together with the five hundred shares of stock held by him as collateral thereto.

Felton's view that any payments made by Shemwell are applicable first to interest on all the notes before any part is applicable to the principal of any one does not appear to be tenable. This is for the reason that the contract between him and Shemwell provides that while all dividends declared on the stock held as collateral to the notes should be applied to the principal and interest of said notes, yet "application shall be made to the note or notes first maturing and said notes shall be reduced accordingly."

Decree accordingly.